UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DERRICK JOHNSON,

                    Petitioner,

     v.

DONALD HOLBROOK,

                    Respondent.

CASE NO. C14-5461 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
NOVEMBER 28, 2014

       The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The District Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner seeks relief from a state conviction.  Petitioner filed his petition pursuant to 28 U.S.C. § 2254.

       Petitioner has consistently argued that there was insufficient evidence to support the jury's finding that he possessed a firearm.  He has consistently argued that the evidence did not meet the elements set forth in the Washington statute RCW 9.941.040(1)(a).  He has never raised the issue as a constitutional question.  Nor did the Washington State Courts of Appeal or Washington State Supreme Court consider petitioner's filings as raising a federal constitutional

1  issue.  Because petitioner has failed to fairly raise this issue as a federal constitutional issue,

2  petitioner has failed to exhaust his state remedies.  Further, petitioner's time for pursuing state

3  remedies has expired.  Therefore, this Court recommends finding that the petition is procedurally

4  barred and that the petition be denied.

5                                          FACTUAL SUMMARY

6         The Washington State Court of Appeals summarized the facts regarding petitioner's case

7  as follows:

8         Shortly after 8:00 p.m., on September 4, 2008, Billy-Ray Griffin, Jr. was walking
          to his van when a small, dark-colored car with four occupants pulled up four to
9         five feet from him and someone inside the car asked, "Is that B.P.?" 2 Verbatim
          Report of Proceedings (VRP) at 203. Griffin, also known as "B.P.", responded,
10        "Yeah; Is that Top Dog?" 2 VRP at 121. The people in the car did not respond,
          which Griffin took as an acknowledgment. Griffin asked the driver to "[g]et out of
11        the car" so they could talk. 2 VRP at 121. Recognizing Derrick Johnson as the
          driver, Griffin heard him say, "Smoke that nigga," after which Johnson's front
12        seat passenger shot Griffin three times with a .45 caliber handgun. 2 VRP at 123.
          The car sped away.
13
          Griffin survived. In a police interview a few weeks after the shooting, Griffin told
14        the police that Johnson was the driver and then selected him in a photomontage.
          The car's owner, the mother of one of the passengers, also identified Johnson as
15        one of the people who had been in the car on the night of the shooting.

16        (Dkt. 11, Exhibit 2, Unpublished Opinion, *State v. Johnson*, Washington State Court of

17  Appeals Cause No. 41495-3-II, at 1-2).

18        The jury found petitioner guilty of First Degree Attempted Murder (with a firearm

19  enhancement), Drive by Shooting and First Degree Unlawful Possession of a Firearm (Dkt. 11,

20  Exhibit 1, Judgment and Sentence, *State v. Johnson*¸ Pierce County Superior Court Cause No. 08-1-

21  04548-1).  The court sentenced him to 471 months of confinement (*id.*).  Petitioner appealed the

22  conviction.

23        In his opening brief, petitioner's counsel raised the following grounds for relief:

24

1    There in insufficient evidence to support a conviction for unlawful possession of a
     firearm where there is no evidence that Johnson ever owned, had in his
2    possession, or controlled a firearm.

3    (Dkt. 11, Exhibit 3, Appellant's Brief, *State v. Johnson,* Washington State Court of Appeals

4    Cause No. 41495-3-II, at 4).

5        Respondent's entire brief was directed at the argument that the evidence did not "possess"

6    any firearm, as required by RCW 9.941.040(1)(a).  *Id.* at p.5 – 6.  The brief did not address whether

7    or not there was any violation of the 14th amendment due process clause.

8        The Washington State Court of Appeals affirmed petitioner's judgment and sentence (Dkt.

9    11, Exhibit 2).  The court limited its analysis to state law issues and did not discuss any issues

10   regarding federal constitutional questions (*id.*).

11       Petitioner filed a petition for review in the Supreme Court raising the following grounds:

12       The court of appeals, Division II, based it's [sic] finding on fact not supported by
         the record that Appellant had "constructive possession" of the firearm due to the
13       statement of "shoot that nigga", that was wrongly attributed to him.

14   (Dkt. 11, Exhibit 5, Motion for Discretionary Review, *State v. Johnson,* Washington State

15   Supreme Court Cause No. 88400-5, at 1).  Again, petitioner did not address any possible federal

16   constitutional questions. *Id.* at p. 20 – 23. The Washington State Supreme Court denied review.

17   Exhibit 6, Order, *State v. Johnson,* Washington State Supreme Court Cause No. 88400-5.

18       Petitioner filed his proposed petition on June 11, 2014 (Dkt. 1).  In that petition,

19   petitioner raises one issue:

20       Did not meet the elements required on the unlawful possession of a firearm
         charge [sic].

21       Dkt 1, Petitioner's Habeas Petition at 5.

22       Again, petitioner raises no issue regarding federal constitutional law.

23   //

24   //

1 <u>EVIDENTIARY HEARING NOT REQUIRED</u>

2       Evidentiary hearings are not usually necessary in a habeas case.  According to 28 U.S.C.

3 §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the

4 factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a

5 new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

6 Court that was previously unavailable, or if there is (2) a factual predicate that could not have

7 been previously discovered through the exercise of due diligence; and (B) the facts underlying

8 the claim would be sufficient to establish by clear and convincing evidence that but for

9 constitutional error, no reasonable fact finder would have found the applicant guilty of the

10 underlying offense.  28 U.S.C. §2254(e)(2) (1996).

11       There are no factual issues that could not have been previously discovered by due

12 diligence.  Finally, the facts underlying petitioner's claims are insufficient to establish that no

13 rational fact finder would have found him guilty of the crime.  Therefore, this Court concludes

14 that an evidentiary hearing is not necessary to decide this case.

15 <u>DISCUSSION</u>

16       Federal courts may intervene in the state judicial process only to correct wrongs of a

17 constitutional dimension.  *Engle v. Isaac*, 456 U.S. 107, 119 (1983).  28 U.S.C. § 2254

18 explicitly states that a federal court may entertain an application for writ of habeas corpus

19 "only on the ground that [petitioner] is in custody in violation of the constitution or law or

20 treaties of the United States."  28 U.S.C. § 2254(a).  The Supreme Court has stated that

21 federal habeas corpus relief does not lie for mere errors of state law.  *Estelle v. McGuire*, 502

22 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37,

23 41 (1984).

24

1    A habeas corpus petition shall not be granted with respect to any claim adjudicated on

2   the merits in the state courts unless the adjudication either: (1) resulted in a decision that was

3   contrary to, or involved an unreasonable application of, clearly established federal law, as

4   determined by the Supreme Court; or (2) resulted in a decision that was based on an

5   unreasonable determination of the facts in light of the evidence presented to the state courts.

6   28 U.S.C. §2254(d).   Further, a determination of a factual issue by a state court shall be

7   presumed correct, and the applicant has the burden of rebutting the presumption of

8   correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

9    A.    Exhaustion.

10    A state prisoner seeking habeas corpus relief in federal court must exhaust available state

11   relief prior to filing a petition in federal court. As a threshold issue the court must determine

12   whether or not petitioner has properly presented the federal habeas claims to the state courts. 28

13   U.S.C. § 2254(b)(1) states, in pertinent part:  (b)(1) An application for a writ of habeas corpus on

14   behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless

15   it appears that: (A) the applicant has exhausted the remedies available in the courts of the state;

16   or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that

17   render such process ineffective to protect the rights of the applicant. If respondent intends to

18   waive the defense of failure to exhaust state remedies, respondent must do so explicitly.  28

19   U.S.C. § 2254 (b)(3). To exhaust state remedies, petitioner's claims must have been fairly

20   presented to the state's highest court.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v.*

21   *Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state

22   Supreme Court even though the state court did not reach the argument on the merits).

23

24

1      A federal habeas petitioner must provide the state courts with a fair opportunity to correct

2  alleged violations of federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*,

3  404 U.S. at 275).  Petitioner must have exhausted the claim at every level of appeal in the state

4  courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992).  It is not enough that all the facts

5  necessary to support the federal claim were before the state courts or that a somewhat similar

6  state law claim was made.  *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275 *and*

7  *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a specific federal

8  constitutional guarantee, as well as a statement of the facts that entitle petitioner to relief.  *Gray*

9  *v. Netherland*, 518 U.S. 152, 162-163 (1996).As noted above, in this case petitioner's sole issue

10  on appeal involved whether there was sufficient evidence to support the jury's verdict regarding

11  possession of a firearm.  Petitioner's brief before the Washington State Court of Appeals and the

12  Washington State Supreme Court both couched this issue in terms of the state law applicable to

13  the elements of the offense, and not to any federal due process standards (*see* Dkt. 11, Exhibit 3

14  and Exhibit 5).  Consequently, these courts dealt with petitioner's issues as they related to an

15  interpretation of state law and not any federal constitutional issues (Dkt. 11, Exhibit 2).

16      While in some circumstances, a petitioner can claim that a state conviction based on

17  insufficient evidence may violate the Fourteenth Amendment (*Jackson v. Virginia*, 443 U.S. 307,

18  320-24 (1979)), this does not relieve the petitioner of the obligation of making this argument to

19  the state court and alerting the court of the issue so that the court may address that issue as a

20  constitutional argument.  Broadly referring to "insufficient evidence" or lack of "due process" is

21  not sufficient to raise a constitutional issue.  *See Shumway v. Paine,* 223 F.3d 982, 987 (9th Cir.

22  2000).  Therefore, petitioner failed to exhaust his state court remedies.

23

24

Because petitioner failed to exhaust his state remedies the Court concludes that he cannot go forward with the petition unless he exhausts his state remedies.  Unfortunately, his time for doing so has expired.

B.       Procedural Bar.

Respondent argues that petitioner cannot return to state court and exhaust his issue as any further filing would be untimely pursuant to the time frame set forth in RCW 10.73.090 (Dkt.10, p.11).

A state petitioner seeking federal habeas review of his or her conviction or sentence on a procedurally defaulted constitutional claim must establish either: (1) cause for the default and actual prejudice resulting from the alleged constitutional error; or (2) that a fundamental miscarriage of justice will result if the claim is not reviewed.  If petitioner claims that there has been a fundamental miscarriage of justice, then petitioner must prove his or her "actual innocence."

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

1.       Cause and Prejudice.

To show cause in federal court, petitioner must show that some objective factor, external to the defense, prevented petitioner from complying with state procedural rules relating to the presentation of petitioner's claims. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (*citing*

1     *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Examples which may satisfy "cause" include

2     "interference by officials" that makes compliance with state procedural rules impracticable, "a

3     showing that the factual or legal basis for a claim was not reasonably available to counsel", or

4     "ineffective assistance of counsel." *McCleskey*, 499 U.S. at 494 (*citing Murray*, 477 U.S. at 488).

5          Here, petitioner has made no showing of cause or prejudice.

6          2.       Fundamental miscarriage of justice.

7          Petitioner could overcome the procedural bar in this case if he could show a fundamental

8     miscarriage of justice would occur if his claim were not considered by the Court.  *Coleman v.*

9     *Thompson*, 501 U.S. 722, 750 (1991).

10          The United States Supreme Court held that in order to demonstrate that petitioner

11     suffered a fundamental miscarriage of justice, petitioner must establish that, viewing all the

12     evidence in light of new reliable evidence, "it is more likely than not that no reasonable juror

13     would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537

14     (2006) (*citing Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Petitioner fails to present any evidence

15     to support a fundamental miscarriage of justice clam.  The facts as found by the Washington

16     State Court of Appeals show that petitioner was the driver of a car involved in a drive by

17     shooting and that he was identified as the person giving the order to shoot.  Exhibit 2,

18     Unpublished Opinion, *State v. Johnson*, Washington State Court of Appeals Cause No. 41495-3-II, at

19     1-2.  For the reasons set forth by the Washington State Court of Appeals, this Court cannot conclude

20     that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Therefore,

21     there is no fundamental miscarriage of justice.

22          For the foregoing reasons, this Court recommends that the petition be denied.

23     //

24     //

1              CERTIFICATE OF APPEALABILITY AND OBJECTIONS

2              Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

3    court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

4    (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner

5    has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §

6    2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could

7    disagree with the district court's resolution of his constitutional claims or that jurists could

8    conclude the issues presented are adequate to deserve encouragement to proceed further."

9    *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

10   (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a

11   certificate of appealability with respect to this petition.

12             Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

14   6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

15   review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

16   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

17   November 28, 2014, as noted in the caption.

18             Dated this 5th day of November, 2014.

19

20                                        J. Richard Creatura

21                                        United States Magistrate Judge

22

23

24